STATE OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0887**  (BOR Appeal No. 2050339)
(Claim No. 2014028868)

**ERNEST PAYNE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Aimee Stern and Denise Pentino, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ernest Payne, by Robert Stultz, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 20, 2015, in which the Board affirmed a March 24, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 18, 2014, decision denying a request to add sprain of an unspecified site of the back, unspecified thoracic or lumbosacral neuritis or radiculitis, spinal stenosis of the lumbar region with neurological claudication, and other unspecified back disorders as compensable components of Mr. Payne's claim for workers' compensation benefits. However, the Office of Judges modified the claims administrator's decision to reflect that aggravation of spinal stenosis is a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon an erroneous conclusion of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Payne injured his lower back on March 25, 2014, when he slipped on a step, but did not fall, while transporting supplies in the course of his employment as a mechanic. Shortly after

the injury, he sought treatment with Allyson Andrews, PA-C, who initially diagnosed him with lower back pain and lumbar radiculopathy. Mr. Payne's application for workers' compensation benefits was held compensable for a lumbar sprain on April 17, 2014. Following his ongoing complaints of lower back pain, a CT scan of the lumbar spine was performed on May 29, 2014. The CT scan revealed grade 1 spondylolisthesis at L4 and L5, degenerative endplate osteophyte formation at L2-5, advanced facet degenerative changes at L4-5, and mild spinal stenosis resulting from facet arthropathy and a posterior disc bulge at L4-5.

Joseph Grady, M.D., performed an independent medical evaluation on June 19, 2014. He diagnosed Mr. Payne with a lumbar sprain superimposed on multilevel degenerative changes. Specifically, Dr. Grady noted that the May 29, 2014, CT scan revealed spondylolisthesis and diffuse degenerative changes throughout the lumbar spine. He further opined that evidence of lumbar radiculopathy was not present during his examination. Finally, Dr. Grady opined that Mr. Payne has reached maximum medical improvement with respect to the compensable lumbar sprain and is capable of returning to work at a minimum of the light physical demand level.

Following Dr. Grady's independent medical evaluation, Ms. Andrews completed a diagnosis update request on August 11, 2014. She stated that Mr. Payne's primary diagnosis is a lumbar strain and his secondary diagnoses are lumbar radiculopathy, spinal stenosis of the lumbar region, and lumbar disc disorder.[1] Following the submission of Ms. Andrews's diagnosis update request, Ronald Fadel, M.D., performed a records review. Regarding the request to add an unspecified back sprain as a compensable diagnosis, Dr. Fadel opined that the request is duplicative because the claim has already been held compensable for a lumbar sprain. Regarding the request to add lumbar radiculopathy as a compensable diagnosis, he opined that Mr. Payne's medical record does not contain any evidence indicating that a diagnosis of either radiculopathy or neuritis is related to the March 25, 2014, injury. Specifically, Dr. Fadel opined that the diagnostic imaging of record fails to support the inclusion of lumbar radiculopathy as a compensable diagnosis. Regarding the request to add an unspecified disorder of the back as a compensable diagnosis, he indicated that the request was nonspecific and is therefore unrelated to the March 25, 2014, injury. Finally, regarding the request to add spinal stenosis with neurological claudication as a compensable diagnosis, Dr. Fadel opined that given the mechanism of injury, it is unlikely that the diagnosis is related to the March 25, 2014, injury, particularly given the absence of any acute changes in the spine. In summary, Dr. Fadel recommended denying the request to add all of the diagnoses at issue as compensable components of the claim.

---

[1] The specific International Classification of Diseases, Ninth Revision (ICD-9) diagnosis codes which Ms. Andrews requested be added as compensable diagnoses are: (847.9) sprain of an unspecified site of the back; (724.4) thoracic or lumbosacral neuritis or radiculitis, unspecified; (724.03) spinal stenosis, lumbar region, with neurological claudication; and (724.9) other unspecified back disorders. We note that at least some of the specific diagnoses listed by Ms. Andrews in her diagnosis update request do not appear to directly correlate with the ICD-9 diagnosis codes she provided.

On September 18, 2014, the claims administrator denied Ms. Andrews's request to add sprain of an unspecified site of the back, unspecified thoracic or lumbosacral neuritis or radiculitis, spinal stenosis of the lumbar region with neurological claudication, and other unspecified back disorders as compensable components of Mr. Payne's claim.[2] The Office of Judges affirmed the claims administrator's denial of Ms. Andrews's request to add the requested diagnoses as compensable components of the claim; however, the Office of Judges modified the claims administrator's decision to reflect that aggravation of spinal stenosis is a compensable component of the claim. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated August 20, 2015.

Regarding the request to add sprain of an unspecified site of the back as a compensable diagnosis, the Office of Judges found that the request is duplicative given that the claim was already held compensable for a lumbar sprain. The Office of Judges further found that Ms. Andrews listed Mr. Payne's primary diagnosis as a lumbar strain in her diagnosis update request.

Regarding the request to add radiculopathy as a compensable diagnosis, the Office of Judges found that although Mr. Payne presented with complaints of pain radiating into his lower extremities and Ms. Andrews made a diagnosis of lumbar radiculopathy, the evidence of record does not substantiate the diagnosis. Specifically, the Office of Judges noted that the May 29, 2014, CT scan did not reveal any evidence of nerve impingement or compression. The Office of Judges further noted that Dr. Fadel opined that Mr. Payne's medical record does not support a diagnosis of radiculopathy. Finally, the Office of Judges noted that Dr. Grady did not make a diagnosis of radiculopathy during his examination.

Regarding the request to add lumbar degenerative disc disease as a compensable diagnosis, the Office of Judges noted that the evidence of record does not clarify which specific disorder Ms. Andrews is referencing. The Office of Judges then found that the May 29, 2014, CT scan revealed facet changes and an osteophyte formation, which were described as degenerative nature, and a disc bulge which presumably would have been referenced under a separate diagnosis code.[3] Additionally, the Office of Judges noted that Dr. Fadel characterized the diagnosis code listed by Ms. Andrews as global in nature and unrelated to the March 25, 2014, injury. The Office of Judges then found that the record fails to provide enough clarity to justify the addition of lumbar disc disorder as a compensable diagnosis.

Finally, regarding the diagnosis of spinal stenosis, the Office of Judges found that the evidence of record fails to demonstrate that the diagnosis arose as a result of the March 25, 2014, injury. Specifically, the Office of Judges found that the results of the May 29, 2014, CT scan

---

[2] As was previously noted, there is a discrepancy between the specific diagnoses listed by Ms. Andrews in her diagnosis update request and the ICD-9 diagnosis codes provided by her in the diagnosis update request. In the interest of seeking the greatest possible degree of clarification and specificity from the record, the Office of Judges references the specific diagnoses listed by Ms. Andrews rather than the ICD-9 diagnosis codes provided.

[3] It does not appear that a request was ever submitted for the addition of a lumbar disc bulge as a compensable diagnosis.

reveal that Mr. Payne's spinal stenosis arose as a result of facet arthropathy, which is degenerative in nature, and a noncompensable disc bulge. Further, the Office of Judges noted that Dr. Fadel also opined that the diagnosis of spinal stenosis did not arise as a result of the March 25, 2014, injury. Therefore, the Office of Judges concluded that Mr. Payne's spinal stenosis pre-existed the March 25, 2014, injury.

The Office of Judges found that the evidence of record does not contain any evidence demonstrating that Mr. Payne was receiving treatment for his preexisting lower back conditions or experiencing any associated symptoms prior to the March 25, 2014, injury, whereas the evidence of record documents ongoing lower back pain following the injury. Based upon these findings, the Office of Judges concluded that the evidence of record demonstrates that the March 25, 2014, injury aggravated or accelerated the preexisting condition of spinal stenosis. The Office of Judges therefore held the claim compensable for an aggravation of Mr. Payne's pre-existing spinal stenosis. The Board of Review affirmed the reasoning and conclusions of the Office of Judges.

In Syllabus point three of *Gill v. City of Charleston,* 236 W.Va. 737, 783 S.E.2d 857 (2016), we held that:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discreet new injury, that new injury may be found compensable.

However, the March 24, 2015, decision of the Office of Judges was rendered prior to the issuance of our recent decision in *Gill.* Insofar as the decision of the Office of Judges predated our decision in *Gill,* we find that the decision of the Board of Review affirming the Office of Judges' Order is based upon an erroneous conclusion of law. Therefore, the claim is remanded to the Office of Judges for further consideration and additional development of the evidentiary record in light of our decision in *Gill.*

Remanded.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker